U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 3-30-06
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GERARD GISCLAIR | * | CIVIL ACTION |
| VERSUS | * | NO. 05-833 |
| LARRY GRIFFIN TOWING CO., ET AL. | * | SECTION "L"(1) |

**JURY INSTRUCTIONS**
**MARCH 30, 2006**

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, THEREFORE, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THE CASE.

IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED IN THIS CASE--THAT IS, IN REACHING YOUR



___ Fee___
___ Process___
X Dktd___
___ CtRmDep___
___ Doc. No.___

DECISION AS TO THE FACTS--IT IS YOUR SWORN DUTY TO FOLLOW THE LAW I AM NOW IN THE PROCESS OF DEFINING FOR YOU AND YOU MUST FOLLOW MY INSTRUCTIONS AS A WHOLE. YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. THAT IS, YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE TESTIMONY AND EVIDENCE IN THE CASE WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. ALL PERSONS AND CORPORATIONS OR OTHER ENTITIES STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS ADMITTED INTO THE RECORD.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

ALSO, DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH HE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW.

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO COMMENT ON EVIDENCE IN THE CASE. I DO NOT BELIEVE THAT I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS CASE. HOWEVER, IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS WHICH I HAVE MADE DURING THE COURSE OF THIS TRIAL AS A COMMENT ON THE EVIDENCE, THEN I INSTRUCT YOU THAT ANY

SUCH COMMENT ON MY PART IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS, AND YOU, THE JURY, MAY DISREGARD SUCH COMMENT OR COMMENTS ENTIRELY SINCE YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF HIS CLAIM BY A "PREPONDERANCE OF THE EVIDENCE." A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR

MINDS A BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, TO ESTABLISH A CLAIM BY A "PREPONDERANCE OF THE EVIDENCE" MERELY MEANS TO PROVE THAT THE CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A "PREPONDERANCE OF THE EVIDENCE" IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU, THE JURY, SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

AS I HAVE STATED, THE PLAINTIFF NEED PROVE HIS CASE ONLY BY A PREPONDERANCE OF THE EVIDENCE. HE NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND HE NEED NOT PROVE HIS CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN CRIMINAL PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN HIS FAVOR.

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.

IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS' TESTIMONY ON OTHER MATTERS AND YOU MAY DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED

TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN THIS CASE. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINIONS ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS ECONOMIC, PHILOSOPHICAL OR OTHER INTEREST IN THE OUTCOME OF THE CASE.

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED TO A WITNESS IN ADVANCE OF TRIAL. UNDER SOME CIRCUM-

STANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE READ OR PRESENTED BY VIDEO TO YOU. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND WEIGHED AND OTHERWISE CONSIDERED BY YOU INSOFAR AS POSSIBLE IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OF

EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU THE JURY ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE FACTS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE RELATED. REMEMBER AT ALL TIMES, YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS.

CHARTS OR SUMMARIES HAVE BEEN PREPARED BY THE PLAINTIFF AND DEFENDANTS AND SHOWN TO YOU DURING THE TRIAL FOR THE PURPOSES OF EXPLAINING FACTS THAT ARE ALLEGEDLY CONTAINED IN BOOKS, RECORDS, AND OTHER DOCUMENTS WHICH ARE EVIDENCE IN THE CASE. SUCH CHARTS OR SUMMARIES ARE NOT EVIDENCE IN THIS TRIAL OR PROOF OF ANY FACT. IF YOU FIND THAT THESE CHARTS OR SUMMARIES DO NOT CORRECTLY REFLECT THE FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THE CHARTS OR SUMMARIES.

IN OTHER WORDS SUCH CHARTS OR SUMMARIES ARE USED ONLY AS A MATTER OF CONVENIENCE FOR YOU AND TO THE EXTENT THAT YOU FIND THAT THEY ARE NOT, IN TRUTH, SUMMARIES OF FACTS OR FIGURES SHOWN BY THE EVIDENCE, YOU CAN DISREGARD THEM ENTIRELY.

ADDITIONALLY, ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

**PLAINTIFF'S COMPLAINTS OF INJURY**

THE PLAINTIFF, GERARD GISCLAIR, IS SEEKING DAMAGES AND MAINTENANCE AND CURE BENEFITS FROM THE DEFENDANTS, LARRY GRIFFIN TOWING COMPANY ("LARRY GRIFFIN") AND DREW GRIFFIN, INC. ("DREW GRIFFIN"), FOR INJURIES THAT HE ALLEGEDLY SUSTAINED AS A RESULT OF THREE INCIDENTS.

FIRST, THE PLAINTIFF ALLEGES THAT HE INJURED HIS RIGHT SHOULDER IN DECEMBER 2003 WHILE HE WAS CRANKING A WINCH ABOARD THE M/V DREW GRIFFIN, A VESSEL OWNED BY DREW GRIFFIN AND OPERATED BY LARRY GRIFFIN. PLAINTIFF ALLEGES THAT DEFENDANT KNEW THE WINCH WAS DAMAGED AND FAILED TO REPAIR IT. THUS, THE PLAINTIFF ALLEGES

THAT THIS INJURY WAS CAUSED BY THE NEGLIGENCE AND UNSEAWORTHINESS OF THE DEFENDANTS' VESSEL.

SECOND, THE PLAINTIFF ALLEGES THAT HE INJURED HIS RIGHT SHOULDER AGAIN ON JULY 26, 2004 WHEN HE EXITED THE RUDDER COMPARTMENT OF THE M/V DREW GRIFFIN THROUGH A MANHOLE AFTER ATTEMPTING TO FIX A POTABLE WATER TANK THAT WAS ALLEGEDLY LEAKING. PLAINTIFF ALLEGES THAT THIS INJURY ALSO WAS CAUSED BY THE NEGLIGENCE AND UNSEAWORTHINESS OF THE DEFENDANTS' VESSEL.

THIRD, THE PLAINTIFF ALLEGES THAT HE INJURED HIS RIGHT SHOULDER AGAIN IN MARCH 2005 WHEN HE SLIPPED IN OIL AND FELL DOWN SOME STEPS LEADING TO THE ENGINE ROOM ABOARD THE M/V DREW GRIFFIN. PLAINTIFF ALLEGES THAT THIS INJURY ALSO WAS CAUSED BY THE NEGLIGENCE AND UNSEAWORTHINESS OF THE DEFENDANTS' VESSEL.

THE DEFENDANTS DENY THAT ANY OF THESE INCIDENTS OCCURRED. ALTERNATIVELY, DEFENDANTS ARGUE THAT THESE INCIDENTS WERE NOT THE CAUSE OF PLAINTIFF'S INJURIES. THE DEFENDANTS REFUTE ANY NEGLIGENCE OR UNSEAWORTHINESS AND ALLEGE THAT THE PLAINTIFF'S INJURIES WERE PREEXISTING. THE DEFENDANTS CLAIM THAT THE INCIDENTS AT ISSUE WERE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE OF THE PLAINTIFF.

**PLAINTIFF'S THEORIES OF LIABILITY**

THE PLAINTIFF IS ASSERTING THREE SEPARATE THEORIES OR BASES OF RECOVERY AGAINST THE DEFENDANTS IN THIS CASE. THE PLAINTIFF'S FIRST

BASIS OF RECOVERY UNDER A FEDERAL STATUTE OR LAW KNOWN AS THE JONES ACT IS THAT THE OWNER OF THE VESSEL, DREW GRIFFIN, AND THE OPERATOR OF THE VESSEL, LARRY GRIFFIN, WERE NEGLIGENT AND THAT THIS NEGLIGENCE WAS THE CAUSE OF THE PLAINTIFF'S INJURIES. THE PLAINTIFF'S SECOND BASIS OF RECOVERY IS THAT THE M/V DREW GRIFFIN WAS UNSEAWORTHY AND THAT THIS UNSEAWORTHINESS CAUSED HIS INJURIES. THE THIRD BASIS OF RECOVERY IS UNDER THE GENERAL MARITIME LAW FOR MAINTENANCE AND CURE BENEFITS INCURRED FOR HIS INJURIES.

YOU MUST CONSIDER EACH OF THESE THEORIES OR BASES OF RECOVERY SEPARATELY. THE PLAINTIFF IS NOT REQUIRED TO PROVE ALL OF THESE THEORIES. HE MAY RECOVER IF HE PROVES ANY OF THEM. HOWEVER, HE MAY ONLY RECOVER THOSE DAMAGES OR BENEFITS THAT THE LAW PROVIDES FOR THE THEORIES THAT HE PROVES; HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

**JONES ACT - NEGLIGENCE**

UNDER THE JONES ACT, THE PLAINTIFF MUST PROVE THAT THE SHIPOWNER WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT LAWSUIT, "NEGLIGENCE" IS GIVEN A LIBERAL INTERPRETATION. IT INCLUDES ANY BREACH OF DUTY THAT A SHIPOWNER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW.

UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT CAUSED THE PLAINTIFF'S INJURY, IN WHOLE OR IN PART, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT.

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. FURTHERMORE, EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK AND FAILURE TO DO SO CONSTITUTES NEGLIGENCE.

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF ITS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS JOB.

A SEAMAN, SUCH AS THE PLAINTIFF, IS OBLIGATED UNDER THE GENERAL MARITIME LAW TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. IN OTHER WORDS, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUM-

STANCES.

**UNSEAWORTHINESS**

WITH REGARD TO PLAINTIFF'S SECOND THEORY OF RECOVERY--THE THEORY OF UNSEAWORTHINESS--A VESSEL OWNER, SUCH AS DREW GRIFFIN, OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE SHIP AND ALL PARTS OF THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF A VESSEL OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL—A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE—NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. THE VESSEL OWNER NEED ONLY FURNISH A VESSEL AND ITS APPURTENANCES, INCLUDING GEAR AND PASSAGEWAYS, THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR ITS ASSIGNED TASKS.

THE SHIPOWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS, ON HIS VESSEL. HE IS ONLY REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR

ITS INTENDED USE, AND A CREW THAT IS REASONABLY ADEQUATE.

**CAUSATION REQUIREMENTS FOR JONES ACT AND UNSEAWORTHINESS**

NOT EVERY INJURY THAT FOLLOWS FROM AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.

IN DETERMINING CAUSATION, A DIFFERENT RULE APPLIES TO THE PLAINTIFF'S JONES ACT NEGLIGENCE THEORY AND TO THE UNSEAWORTHINESS THEORY.

UNDER THE JONES ACT, FOR BOTH THE SHIPOWNER'S NEGLIGENCE AND THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE, AN INJURY OR DAMAGE IS CONSIDERED "CAUSED" BY THE ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART.

IN AN UNSEAWORTHINESS ACTION, A PLAINTIFF MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. AN INJURY IS "PROXIMATELY CAUSED" BY AN ACT WHENEVER IT APPEARS FROM A PREPONDERANCE OF THE EVIDENCE THAT THE ACT PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE ACT OR FAILURE TO ACT.

THE DEFENDANTS DENY THAT THEY WERE NEGLIGENT OR THAT THE M/V DREW GRIFFIN WAS UNSEAWORTHY. THEY FURTHER ARGUE THAT

GERARD GISCLAIR EITHER CAUSED OF CONTRIBUTED TO THE INCIDENTS AT ISSUE. IF THE PLAINTIFF'S ACTIONS WERE A CONTRIBUTING FACTOR, HE MAY STILL RECOVER UNDER THE DOCTRINE OF CONTRIBUTORY NEGLIGENCE. THE DOCTRINE OF CONTRIBUTORY NEGLIGENCE ALLOWS GERARD GISCLAIR TO RECOVER FOR HIS INJURIES, EVEN IF HIS NEGLIGENCE CONTRIBUTED TO HIS INJURY; HOWEVER, THE AMOUNT OF MR. GISCLAIR'S RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE. THE BURDEN OF PROOF IS ON THE DEFENDANTS TO PROVE THE CONTRIBUTORY NEGLIGENCE OF GERARD GISCLAIR BY A "PREPONDERANCE OF THE EVIDENCE." THAT MEANS THAT THE DEFENDANTS NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND THAT THEY NEED NOT PROVE THAT GERARD GISCLAIR WAS NEGLIGENT BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN CRIMINAL PROSECUTION.

**MAINTENANCE AND CURE**

THE PLAINTIFF'S THIRD THEORY OF RECOVERY IS THAT, AS A SEAMAN, THE PLAINTIFF IS ENTITLED TO RECOVER WHAT THE LAW CALLS "MAINTENANCE AND CURE." THIS THEORY OF RECOVERY IS SEPARATE AND INDEPENDENT FROM BOTH THE JONES ACT AND THE UNSEAWORTHINESS THEORIES OF THE PLAINTIFF. YOU MUST DECIDE THIS ISSUE SEPARATELY FROM YOUR DETERMINATION OF HIS JONES ACT AND UNSEAWORTHINESS CLAIMS.

MAINTENANCE AND CURE IS A SEAMAN'S REMEDY. MAINTENANCE AND CURE PROVIDES A SEAMAN WHO IS DISABLED BY INJURY OR ILLNESS WHILE IN

THE SERVICE OF THE VESSEL MEDICAL CARE AND TREATMENT AND THE MEANS OF MAINTAINING HIMSELF WHILE RECUPERATING.

A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE EVEN THOUGH HE WAS NOT INJURED AS A RESULT OF ANY NEGLIGENCE ON THE PART OF THE SHIPOWNER OR ANY UNSEAWORTHY CONDITION OF THE VESSEL. TO RECOVER MAINTENANCE AND CURE, GERARD GISCLAIR NEED ONLY SHOW THAT HE SUFFERED AN INJURY OR ILLNESS WHILE IN THE SERVICE OF THE M/V DREW GRIFFIN, AND THAT THE INJURY OR ILLNESS OCCURRED WITHOUT WILLFUL MISBEHAVIOR BY MR. GISCLAIR. THE INJURY OR ILLNESS NEED NOT BE WORK-RELATED AS LONG AS IT OCCURS WHILE THE SEAMAN IS IN THE SERVICE OF THE SHIP. NEITHER MAINTENANCE NOR CURE MAY BE REDUCED BECAUSE OF ANY NEGLIGENCE ON THE PART OF THE SEAMAN.

THE CURE TO WHICH A SEAMAN MAY BE ENTITLED INCLUDES THE COST OF MEDICAL ATTENTION, INCLUDING THE SERVICES OF PHYSICIANS AND NURSES AS WELL AS THE COST OF HOSPITALIZATION, MEDICINES, AND MEDICAL APPARATUS. HOWEVER, THE SHIPOWNER DOES NOT HAVE A DUTY TO PROVIDE CURE FOR ANY PERIOD OF TIME DURING WHICH A SEAMAN IS HOSPITALIZED AT THE SHIPOWNER'S EXPENSE.

MAINTENANCE IS THE COST OF FOOD AND LODGING, AND TRANSPORTATION TO AND FROM A MEDICAL FACILITY.

A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE UNTIL HE REACHES THE POINT OF "MAXIMUM CURE." MAXIMUM CURE IS THE POINT AT WHICH NO

FURTHER IMPROVEMENT IN THE SEAMAN'S MEDICAL CONDITION IS TO BE REASONABLY EXPECTED. THE SEAMAN'S RIGHT TO MAINTENANCE AND CURE TERMINATES WHEN THE SEAMAN REACHES MAXIMUM CURE.

THUS, IF IT APPEARS THAT A SEAMAN'S CONDITION IS INCURABLE, OR THAT FURTHER TREATMENT WILL MERELY RELIEVE PAIN AND SUFFERING BUT NOT OTHERWISE IMPROVE THE SEAMAN'S CONDITION, HE HAS REACHED MAXIMUM CURE. THE OBLIGATION TO PAY MAINTENANCE AND CURE USUALLY ENDS WHEN A QUALIFIED MEDICAL OPINION IS TO THE EFFECT THAT THE SEAMAN HAS REACHED MAXIMUM POSSIBLE CURE.

IF YOU DECIDE THAT THE PLAINTIFF IS ENTITLED TO MAINTENANCE AND CURE, YOU MUST DETERMINE WHEN THE SHIPOWNER'S OBLIGATION TO PAY MAINTENANCE BEGAN AND WHEN IT ENDS. ONE FACTOR YOU MAY CONSIDER IN DETERMINING WHEN THE PERIOD BEGINS IS THE DATE WHEN MR. GISCLAIR ENDED HIS EMPLOYMENT, IF HE DID SO. A FACTOR YOU MAY CONSIDER IN DETERMINING WHEN THE PERIOD ENDS IS THE DATE WHEN MR. GISCLAIR RESUMED HIS EMPLOYMENT, IF HE DID SO. HOWEVER, IF THE EVIDENCE SUPPORTS A FINDING THAT THE PLAINTIFF WAS FORCED TO RETURN TO WORK DUE TO ECONOMIC NECESSITY PRIOR TO REACHING MAXIMUM CURE, YOU MAY TAKE THAT FINDING INTO CONSIDERATION IN DETERMINING WHEN THE PERIOD OF MAINTENANCE AND CURE ENDS.

IF YOU FIND THAT GERARD GISCLAIR IS ENTITLED TO AN AWARD OF DAMAGES UNDER EITHER THE JONES ACT OR FOR UNSEAWORTHINESS OF THE

M/V DREW GRIFFIN, AND IF YOU AWARD HIM EITHER LOST WAGES OR MEDICAL EXPENSES, THEN YOU MAY NOT AWARD HIM MAINTENANCE AND CURE FOR THE SAME PERIOD OF TIME. THAT IS BECAUSE THE PLAINTIFF MAY NOT RECOVER TWICE FOR THE SAME LOSS OF WAGES OR MEDICAL EXPENSES.

**DAMAGES**

"DAMAGES" IS THE TERM WHICH EXPRESSES IN DOLLARS AND CENTS THE INJURIES SUSTAINED BY THE PLAINTIFF.

IF THE PLAINTIFF HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT HIS INJURIES WERE CAUSED BY THE DEFENDANTS' NEGLIGENCE OR THE UNSEAWORTHINESS OF THE M/V DREW GRIFFIN, YOU MUST DETERMINE THE AMOUNT OF DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, RECOVER ANY AMOUNT. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE PLAINTIFF SUFFERED DAMAGES AS A RESULT OF THE DEFENDANTS' FAULT. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE PLAINTIFF WAS INJURED AS A RESULT OF THE DEFENDANTS' FAULT AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANTS.

YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSA-

TORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE – THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE HE SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY THE DEFENDANTS' FAULT OR THE UNSEAWORTHINESS OF THE DEFENDANTS' VESSEL. THE DAMAGES YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF ACTUALLY SUFFERED.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. THAT IS TO SAY, YOU SHOULD NOT BE AFFECTED BY SYMPATHY, COMPASSION, PREJUDICE, OR BIAS. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE

FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

THE PLAINTIFF HAS CLAIMED PERSONAL INJURIES RESULTING FROM THE ACCIDENT. THE DAMAGES FOR PERSONAL INJURY CANNOT BE ASSESSED BY ANY FIXED RULE, BUT YOU ARE THE SOLE JUDGES AS TO THE MEASURE OF DAMAGES IN THIS CASE. YOU MAY CONSIDER THE FOLLOWING FACTORS TO DETERMINE THE AMOUNT OF DAMAGES TO AWARD AS MAY BE SHOWN BY A PREPONDERANCE OF THE EVIDENCE:

1. THE TYPE OF INJURIES TO THE PLAINTIFF, IF ANY, AND THEIR DURATION.

2. PAST, PRESENT, AND FUTURE PHYSICAL PAIN AND SUFFERING AND RESULTING MENTAL ANGUISH, IF ANY, SUFFERED BY THE PLAINTIFF.

3. ANY FUTURE IMPAIRMENT THAT IS REASONABLY PROBABLE TO OCCUR AND ITS DURATION.

5. LOSS OF PAST WAGES.

5. LOSS OF FUTURE WAGE EARNING CAPACITY.

AN AMOUNT TO COVER A FUTURE LOSS OF WAGES IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD THE PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT THAT AWARD TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT IF IT WERE INVESTED OVER THE PERIOD OF TIME IN WHICH THE PLAINTIFF WOULD HAVE BEEN

EARNING THESE WAGES. IF YOU DECIDE THAT THE PLAINTIFF IS ENTITLED TO SUCH AN AWARD, YOU SHOULD LIST THIS "DISCOUNTED" FIGURE AS THE AMOUNT OF FUTURE LOSS OF WAGES.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

IN DETERMINING AN AWARD FOR LOSS OF FUTURE WAGES, YOU MAY CONSIDER FACTORS SUCH AS THE NUMBER OF YEARS THAT THE PLAINTIFF MAY BE EXPECTED TO LIVE AND WORK, HIS WORK RECORD, HIS EARNINGS IN PRIOR YEARS, THE PROBABILITY THAT HE WOULD HAVE EARNED SIMILAR, GREATER OR LESSOR AMOUNTS IN THE REMAINDER OF HIS WORK-LIFE, AND SIMILAR FACTORS.

IF YOU FIND THE DEFENDANTS LIABLE FOR THE ACCIDENT, BUT ALSO FIND THAT GERARD GISCLAIR WAS NEGLIGENT AND THAT HIS NEGLIGENCE CONTRIBUTED TO HIS INJURIES, THEN YOU MUST DETERMINE THE PERCENTAGE THAT MR. GISCLAIR'S NEGLIGENCE CONTRIBUTED TO HIS INJURIES. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE VERDICT FORM WHICH I HAVE GIVEN TO YOU. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO THE PLAINTIFF. I WILL REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO GERARD GISCLAIR, IF ANY.

FURTHER, IF YOU FIND FROM THE EVIDENCE THAT THE DEFENDANTS

HAVE PROVED THAT THE PLAINTIFF WAS SUFFERING FROM A PRE-EXISTING CONDITION THEN THE RULE OF LAW TO BE APPLIED IS AS FOLLOWS: THE DEFENDANTS MUST TAKE THE PLAINTIFF AS THEY FIND HIM. A PERSON IS ENTITLED TO RECOVER DAMAGES AND/OR MAINTENANCE AND CURE BENEFITS WHICH ARISE WHEN AN INJURY CAUSED SOME PRE-EXISTING DEFECT OR DISEASED CONDITION TO FLARE UP OR BECOME AGGRAVATED OR BECOME MORE SERIOUS. HOWEVER, IN SUCH A CASE, DAMAGES ARE DUE ONLY FOR THE AGGRAVATION OR WORSENING OF THE CONDITION AND NOT FOR THE PRE-EXISTING CONDITION ITSELF AND, IN SUCH A CASE, A PARTY RESPONSIBLE FOR THE INJURY CANNOT ASK THAT THE AGGRAVATION CAUSED BY THE INJURY BE DISREGARDED.

THE BURDEN IS ON THE PLAINTIFF IN THE CASE TO PROVE THAT THE WORSENING OF THE PLAINTIFF'S CONDITION, IF ANY, IS A DIRECT OR PROXIMATE RESULT OF THE INJURY SUSTAINED IN THE INCIDENT FORMING THE BASIS OF THE LAWSUIT.

MOREOVER, IT IS THE LAW OF THIS STATE THAT A PLAINTIFF IS UNDER A DUTY AFTER SUFFERING HARM, IF ANY, TO EXERCISE DUE CARE AND TO TAKE REASONABLE STEPS TO AVOID, DIMINISH, OR MITIGATE THE DAMAGES RESULTING FORM THAT HARM.

SHOULD YOU FIND FOR THE PLAINTIFF IN THIS CASE, YOU MUST FIX THE AMOUNT OF YOUR VERDICT AND RETURN IT AGAINST EACH OF THE DEFENDANTS WHOM YOU FIND LIABLE, DESIGNATING THE PERCENTAGE OF FAULT, IF

ANY, FOR EACH DEFENDANT. THEREFORE, IF YOUR VERDICT IS FOR THE PLAINTIFF AGAINST MORE THAN ONE OF THE DEFENDANTS IN THIS CASE, THEN YOU SHOULD FIX THE TOTAL AMOUNT OF YOUR VERDICT FOR THE PLAINTIFF, IF ANY, IN ACCORDANCE WITH THE OTHER INSTRUCTIONS OF THIS COURT. YOU MUST ALSO DETERMINE THE PERCENTAGE EACH DEFENDANTS' NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE VERDICT FORM WHICH I HAVE GIVEN TO YOU. DO NOT ALLOCATE A SPECIFIC DOLLAR AMOUNT OF DAMAGES TO ANY ONE DEFENDANT. I WILL ALLOCATE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF NEGLIGENCE THAT YOU ASSIGN TO THE EACH DEFENDANT.

IN CONSIDERING THE DAMAGES, IF ANY, RECOVERABLE BY THE PLAINTIFF, REMEMBER THAT SUGGESTIONS AS TO THE AMOUNT OF DAMAGES THAT SHOULD BE AWARDED ARE MERE ARGUMENTS OF COUNSEL. YOU MAY CONSIDER THEM AND USE THEM ONLY AS GUIDELINES TO WHATEVER EXTENT THEY MAY AID YOU IN ARRIVING AT A REASONABLE AND JUST AWARD IN VIEW OF THE EVIDENCE. BUT YOU ARE IN NO WAY BOUND BY, NOR SHOULD YOU USE, ANY RIGID MATHEMATICAL FORMULA. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION AND MUST BE BASED ON COMPETENT EVIDENCE.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST THAT I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. THAT IS FOR YOU TO DECIDE.

**CONCLUDING INSTRUCTIONS**

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH A UNANIMOUS AGREEMENT, IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. DO NOT, HOWEVER, GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES – JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

**VERDICT FORM**

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES OR QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS DECISION OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION, YOU WILL FIND DIRECTIONS WHICH INSTRUCT YOU EITHER TO ANSWER

THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

[READ THE VERDICT FORM.]

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS THE EXHIBITS WHICH THE COURT HAS ADMITTED INTO EVIDENCE. FIRST, SELECT YOUR FOREPERSON AND THEN CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A SIGNED WRITTEN MESSAGE OR QUESTION TO THE MARSHAL, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS THE COURT ORDERS OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GERARD GISCLAIR** — **CIVIL ACTION**

**VERSUS** — **NUMBER 05-833**

**LARRY GRIFFIN TOWING CO., ET AL.** — **SECTION "L" (1)**

## JURY INTERROGATORIES

Please answer the following questions.

1. Was the Plaintiff, Gerard Gisclair, injured in December 2003 (the alleged winch incident), AND was the injury caused by the negligence of the Defendants and/or proximately caused by the unseaworthiness of the M/V DREW GRIFFIN?

Yes________ No________

(Please proceed to Question 2.)

2. Was the Plaintiff, Gerard Gisclair, injured on July 26, 2004 (the alleged manhole incident), AND was the injury caused by the negligence of the Defendants and/or proximately caused by the unseaworthiness of the M/V DREW GRIFFIN?

Yes________ No________

(Please proceed to Question 3.)

3. Was the Plaintiff, Gerard Gisclair, injured in March 2005 (the alleged slip and fall incident), AND was the injury caused by the negligence of the Defendants and/or proximately caused by the unseaworthiness of the M/V DREW GRIFFIN?

Yes________ No________

(If your answers to **ANY** of Questions 1 through 3 are "YES," please proceed to Question 4. If your answers to Questions 1 through 3 are all "NO," please proceed to Question 7.)

4. Was Gerard Gisclair negligent, and was that negligence an actual cause of the accident

A. In December 2003?

Yes________ No________

B. On July 26, 2004?

Yes________ No________

C. In March 2005?

Yes________ No________

(Please proceed to Question 5.)

5. Expressed in a percentage, to what degree, if any, did the fault of each of the following contribute to the cause of Gerard Gisclair's damages:

a) The negligence of the shipowner, Drew Griffin, Inc. or the ship operator, Larry Griffin Towing Co. ________%

b) The negligence of Gerard Gisclair ________%

c) The unseaworthiness of the M/V DREW GRIFFIN ________%

(Please proceed to Question 6.)

6. What amount, if any, do you find will fairly and adequately compensate Gerard Gisclair for his injuries?

a) Past, present, and future pain and suffering and resulting mental anguish

$ ______________

b) Future impairment that is reasonably probable to occur $ ______________

c) Loss of past wages $______________

d) Loss of future wage earning capacity $______________

(Do not make adjustments in damage amounts for the contributory negligence, if any, of Gerard Gisclair. The Court will make the adjustments if necessary.)

(Please proceed to Question 7.)

7. Is the Plaintiff, Gerard Gisclair, entitled to maintenance and cure?

Yes__________ No__________

(If your answer to Question 7 is "YES," please proceed to Question 8. If your answer is "NO," please date and sign the verdict form and return to the Courtroom.)

8. Indicate in dollars the amount, if any, that Defendants owe to Gerard Gisclair in maintenance and cure.

Maintenance ______________________________

Cure ______________________________

(Foreperson, please date and sign the verdict form and return to the Courtroom.)

New Orleans, Louisiana, this ______ day of March, 2006.

______________________________

**FOREPERSON**