UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GERARD GISCLAIR** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-833** |
| **LARRY GRIFFIN TOWING CO., ET AL.** | * | **SECTION "L"(1)** |

**ORDER AND REASONS**

Before the Court is the Motion for New Trial of Plaintiff, Gerard Gisclair.  For the following reasons, the motion is DENIED.

Plaintiff alleges that the jury foreman, John Ellinghausen, is involved in an active case with Plaintiff's counsel, *Dempster v. Audubon Park Commission*, in Civil District Court for the Parish of Orleans, State of Louisiana.  As such, Plaintiffs argue that the bias of Mr. Ellinghausen has tainted the trial in this matter.  Plaintiffs argue that they were unaware that they were involved in an active case with Mr. Ellinghausen and allegedly could not have disclosed the conflict themselves during *voir dire.*

The Court notes that Mr. Ellinghausen disclosed during *voir dire* that he is an attorney, and that he has been involved in litigation with Plaintiff's counsel in the past.  Plaintiff's counsel did not see fit to use a peremptory challenge to strike Mr. Ellinghausen during *voir dire* based upon this information.  Also, the Court finds Plaintiff's argument that Plaintiff's counsel did not know of their firm's involvement in *Dempster* to be somewhat strange.  Plaintiff's counsel admits that Mr. Ellinghausen routinely addressed correspondence in the *Dempster* case to Plaintiff's counsel, Arlen Braud;  this is because Mr. Braud is the first name listed on the plaintiffs' pleadings in *Dempster.*  An attorney listed as lead attorney in a case cannot seriously

complain to a court that he or she was unaware of the existence of the case or of the name of the lead opposing counsel. If Mr. Ellinghausen had a duty to disclose, Mr. Braud had an equal duty to do so. Because the Plaintiff has not shown any undue prejudice or bias resulting from Mr. Ellinghausen's presence on the jury, the Court declines to order a new trial.

Plaintiff also argues that Mr. Ellinghausen should have disclosed that he was familiar with Dr. Paul Doty, Plaintiff's treating physician. Dr. Doty was also the treating physician of the plaintiff in the *Dempster* case, and this fact was disclosed during written discovery in that case. The Court finds Plaintiff's argument on this point unavailing for similar reasons. Mr. Braud as lead attorney in the *Dempster* case should have been aware of this fact, and failed to disclose it. It is unclear what knowledge, if any, that Mr. Ellinghausen had of Dr. Doty prior to this case. Plaintiff's counsel cannot now try to obtain a new trial based upon his own failure to disclose pertinent information. If Plaintiff's counsel believed there was a significant conflict, Plaintiff's counsel should have used a peremptory challenge or should have petitioned the Court to strike Mr. Ellinghausen as a juror for cause.

Because the Court finds no basis under Rule 59 of the Federal Rules of Civil Procedure for a new trial in this matter, Plaintiff's Motion for a New Trial is DENIED.

New Orleans, Louisiana, this  28th  day of April, 2006.

*(signature)*
UNITED STATES DISTRICT JUDGE